# CHARLESTON.

WOODALL *v.* LONG, TREASURER.

Submitted February 25, 1913.   Decided March 18, 1913.

STATES— *Undrawn Appropriation.*

> A legislative appropriation of public funds to a private person, who makes requisition therefor upon the auditor before the expiration of three years next after the passage of the act making it, does not expire and become an undrawn appropriation in contemplation of section 8, chapter 17, Code 1906. pending litigation to test the constitutionality of the appropriation. (p. 259).

Petition of A. W. Woodall for writ of *mandamus* to E. L. Long, State Treasurer, etc.

*Writ Awarded.*

*Calo & Bledsoe,* for petitioner.

*William G. Conley,* Attorney General, for respondent.

WILLIAMS, JUDGE:

This proceeding is a sequel to the suit of *State ex rel, Woodall v. Darst, Auditor,* recently decided by this court, and reported in 71 W. Va. 350, 77 S. E. 264.    After that decision, the auditor drew his warrant upon E. L. Long, State Treasurer, in favor of Woodall for the sum appropriated to him by the Legislature, but the treasurer refuses to indorse his check upon the auditor's warrant; and Woodall has applied for a writ of *mandamus* to compel him to do so.    The only question presented by respondent's return to the preliminary writ, not settled by the former decision, relates to the construction of section 8, chapter 17, Code 1906, which reads:

"Every appropriation or so much thereof as may remain undrawn at the end of three years after the passage of the act by which such appropriation was made, shall be deemed to have expired and no warrant shall thereafter be issued upon it."

Three years, next after the appropriation had been made, expired before the former case was decided by this court, and it is claimed by respondent that he can not now lawfully draw his check for it.    The congested condition of this court's docket rendered it impossible for a decision of that case any sooner than it was rendered.    And it would certainly be a very great hardship upon petitioner, and unjust to him, if he should be obliged to lose the appropriation, notwithstanding his diligence to get it.    Such a result is certainly not contemplated by the statute.    The appropriation was not undrawn within its meaning.    Woodall had done all he could do to get his money, long before the expiration of the three years; he made requisition upon the auditor; and as soon as he learned that the auditor refused to honor it, because of the alleged unconstitutionality of the appropriation, he applied to this court for a writ of *mandamus* to compel him to issue his warrant for it upon the treasurer.    What more could he do?    Nothing; he pursued his legal remedy with diligence.    We are of the opinion that, in contemplation of the statute, Woodall's requisition upon the auditor prevented the appropriation from thereafter becoming an undrawn one.

Moreover, the Legislature, at its session just recently ended, appropriated to petitioner over $800, on account of interest ac-

cruing on the original appropriation, thereby acknowledging the fact that it had not been paid, and, incidentally, reiterating the validity of its former legislative act.

The writ will be awarded.

*Writ Awarded.*